UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ERIC RAYMOND SAULTS, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 11-104-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| KAREN HOGSTEN, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\* \*\* \*\* \*\* \*\*

Eric Raymond Saults, an individual currently incarcerated in the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester"), has submitted a habeas corpus petition, pursuant to 28 U.S.C. § 2241, challenging the manner in which the Federal Bureau of Prisons ("BOP") has calculated the expiration date of his federal sentence. The Court reviews the § 2241 petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b)). *See*, *e.g.*, *Patton v. Fenton*, 491 F.Supp. 156, 158-59 (M.D. Pa. 1979)*; see also* 28 U.S.C. § 2243. The Court may summarily dismiss a petition if it appears from its face that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

Saults alleges that the BOP has failed to apply all proper pre-sentence credits to his current federal sentence for the time he spent in official detention prior to his conviction on

the federal offense. Saults further alleges that the BOP erroneously commenced his federal sentence March 6, 2009, rather than as of the date it was imposed, August 21, 2006. Saults contends that pursuant to 18 U.S.C. § 3585(a), he is entitled to relief to correct the BOP's sentence computation. Specifically, he asks the Court to order the BOP to (1) award him presentence credit from September 17, 2005, to August 20, 2006, and (2) to commence his federal sentence as of August 21, 2006.

For the reasons explained below, the Court will deny Saults's § 2241 petition and dismiss same without prejudice due to his failure to pursue and exhaust his claims through the BOP's administrative remedy process. Upon exhaustion, if Saults does not receive the relief he seeks herein, he is free to file a new habeas petition pursuant to 28 U.S.C. § 2241.

## I.

The Court has constructed the following sequence of relevant events obtained from Saults's § 2241 petition, the attachments thereto, as well as information available through the Public Electronic Access to Public Records ("PACER") database website, which compiles information concerning criminal and civil actions filed in all federal courts:

>    **March 3, 2005 -** Saults was arrested by Tennessee state authorities in Carter County, Tennessee, and charged with theft and possession of stolen firearms. He was released on bond.
>    **September 17, 2005 -** Saults was arrested for failure to appear concerning the state charges for which he was arrested and charged on March 3, 2005, and he was detained in state custody.
>    **November 8, 2005 -** A two-count federal indictment was returned against Saults in the United States District Court for the Eastern District of Tennessee, Greeneville Division, for being a convicted felon in possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), and for knowingly possessing stolen firearms that had been transported in interstate commerce, in violation of 18 U.S.C. §§ 922(j)(1) and 924(a)(2). *See United States v. Eric Raymond Saults,* Case No. 2:05-CR-93-JRG (E.D. Tenn.) ("the Federal

Court"). The federal indictment was lodged with Tennessee state authorities as a detainer.

**March 7, 2006 -** Saults appeared in federal court for an initial appearance and arraignment proceeding on the federal charges, Case No. 2:05-CR-93. Because Saults was then in the custody of the State of Tennessee, serving a state term of imprisonment, the federal court did not set a bond or any conditions of pretrial release on the federal charges. Pursuant to the writ of habeas ad testificandum, Saults was returned to Tennessee state authorities at the conclusion of this hearing.

**March 29, 2006** - Saults entered into a Plea Agreement with the United States on the federal charges, agreeing to plead guilty to being a felon in possession of firearms as charged in Count 1 of the indictment, in exchange for the dismissal of Count 2 of the indictment at sentencing.

**April 24, 2006 -** Saults appeared in federal court and pled guilty to Count 1 of the indictment. At the conclusion of the hearing, Saults remained in custody awaiting sentencing.

**August 21, 2006 -** Saults was sentenced on Count 1 of the indictment and received a 180-month sentence, to be followed by five years of supervised release. Count 2 of the indictment was dismissed. The federal court recommended that Saults be given credit for time served since March 6, 2006.[1]

**April 13, 2007** – Saults pled guilty in Tennessee state court in Washington County to a felony theft occurring on April 30, 2005, and received a two-year sentence, which the state court ordered to run concurrently with Saults's federal sentence. [*See* R. 2, Ex. 4.]

## II.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, federal courts consistently require federal prisoners to fully exhaust the available administrative remedies within the BOP before filing a § 2241 petition seeking habeas corpus relief. *See, e.g., Kendrick v. Carlson*, 995 F.2d 1440, 1447 (8th Cir. 1993); *Gonzalez v. United States*,

---

[1] In Exhibit 2 to the habeas petition, Saults states that the state charges, presumably the state charges for theft and possession of stolen firearms for which he had been detained in Carter County, Tennessee, "were eventually dismissed" (although he does not give the date of dismissal) and that following this dismissal, he was transported to Washington County, Tennessee, on other unspecified state criminal charges, for which he received a five-year sentence that was ordered to run concurrently with his federal sentence. Contrary to Saults's statement, that sentence was a two-year sentence, not a five-year sentence. [*See* R. 2, Ex. 4.]

959 F.2d 211, 212 (11th Cir. 1992) (per curiam); *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) (per curiam).  The exhaustion doctrine promotes a number of desirable goals, including filtering out frivolous claims and developing a full and complete factual record.  *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988).

> The BOP's Administrative Remedy Program, a three-tier process, is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement," except tort claims, inmate accident compensation claims, and Freedom of Information or Privacy Act requests.  *See* 28 C.F.R. §§ 542.10, 542.12(b). Under the Program, an inmate must initially attempt to informally resolve the issue with staff by submitting a BP-8.  *See* 28 C.F.R. § 542.13(a).  If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counselor)" within twenty days of the date on which the basis for the request occurred, or within any extension permitted.  *See* 28 C.F.R. 542.14.

> The Warden is required to respond to a BP-9 request within twenty calendar days, but the inmate "may consider the absence of a response" within twenty days or forty days, if the inmate has been informed in writing of the need for an extension, to be a denial.  *Id*.  An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within twenty days of the date the Warden signed the response.  *See* 28 C.F.R. § 542.15(a).  The inmate may appeal to the General Counsel on a BP-11 within thirty days after the Regional Director signed the response.  *Id*.  Appeal to the General Counsel is the final administrative appeal.  *Id*.

On January 15, 2011, Saults submitted an "Inmate Request To Staff" which stated as follows:

> I am seeking a nunc pro tunc designation concerning both presentence, and post sentence, credit time, concerning my federal sentence.

[R. 2-1, p. 1.]

CSO K. Smith denied this request, providing Saults with a very detailed explanation for the denial. [R. 2-1, p. 1] Saults attaches no documents to his habeas petition suggesting that he then began the process of exhausting his administrative remedies by submitting this same request as a BP-9 to the Warden at FCI-Manchester. Instead, on March 17, 2011, Saults submitted another "Inmate Request To Staff" regarding his prior request. [*See* R. 2-1, p. 8.] On March 24, 2011, CSO K. Smith provided Saults with another detailed explanation of why his request had been denied. On or about April 4, 2011, Saults filed the present § 2241 petition.

According to the "Inmate Locator" feature of the the BOP's website, www.bop.gov, and Exhibit 6 of Saults's habeas petition, his actual or projected release date is not until November 9, 2020. The administrative exhaustion process takes approximately ninety days absent extensions of time, and it could take as many as 120 days if the BOP opts to extend the time for responding to the claims. Given that time-frame, Saults will not be prejudiced by the dismissal of his present habeas petition without prejudice so that he can avail himself of the exhaustion process. If the BOP determines, during the course of that process, that Saults is entitled to the relief he seeks herein, further judicial review will be unnecessary and the goals of administrative exhaustion will have been achieved.

### III.

Accordingly, **IT IS ORDERED** as follows:

(1) Petitioner Eric Raymond Saults's § 2241 petition is **DENIED WITHOUT PREJUDICE** to his raising such claims through the Bureau of Prisons Administrative Remedy Procedures, 28 C.F.R. § 542.13-19, and filing a new § 2241 petition, if necessary, if the BOP's final decision is adverse to him;

(2) This proceeding is **DISMISSED WITHOUT PREJUDICE**; and,

(3) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Karen Hogsten, Warden.

This the 12th day of October, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge